UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

TARIK SHEPPARD,

                Plaintiff,

         - against –

UNITED STATES TENNIS ASSOCIATION
INCORPORATED and MICHAEL J.
RODRIGUEZ,

                Defendants.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

17-CV-5719 (AMD) (SMG)

**ANN M. DONNELLY, United States District Judge:**

The plaintiff, Tarik Sheppard, brings this action against United States Tennis Association Incorporated and USTA security director, Michael J. Rodriguez, alleging violations of 42 U.S.C. § 1981, New York Executive Law § 292, and New York Civil Rights Law § 40, as well as common law torts of negligence and intentional conduct. On January 9, 2018, the plaintiff filed an amended complaint to address deficiencies the defendants had identified in their November 9, 2017 pre-motion letter to the Court. (ECF No. 14.) The defendants now move to dismiss the amended complaint in its entirety. (ECF No. 16.) For the reasons that follow, I dismiss the plaintiff's §1981 claim.

### BACKGROUND*

On September 7, 2017, the plaintiff and his wife, a USTA employee, had tickets to and attended the U.S. Open tennis tournament in Flushing Meadows Park in Queens. (ECF No. 14 ¶¶ 4, 8–9, 13.) At 10:00 p.m., after the plaintiff and his wife had "spen[t] some time" at the

---

*All facts are taken from the complaint. (ECF No. 14.)

1

tournament, the plaintiff attempted to drive his wife to her car, which was parked in a lot that she had credentials to enter. (*Id.* ¶¶ 11, 13.) The plaintiff does not allege that he also had credentials to enter the parking lot.

As the plaintiff approached the parking lot, a USTA employee, Shameka Brown, asked where the plaintiff was going, and he replied that he was driving his wife to her car on the other side of the parking lot. (*Id.* ¶¶ 13–14.) Brown told the plaintiff that he could not enter, and when asked why not, replied "'Cause you are a n[*****]!" (*Id.* ¶¶ 15–17.) After confirming that he had heard Brown correctly, the plaintiff called for Brown's direct supervisor and spoke to him. (*Id.* ¶¶ 19–21.) When her supervisor asked Brown whether she had made any racial remarks, she confirmed: "Yes. I called him a n[*****], and I don't care...." (*Id.* ¶ 23.) Shortly thereafter, Rodriguez, the USTA security director arrived. (*Id.* ¶ 24.) According to the plaintiff, Rodriguez confirmed with Brown that she had used racial slurs, and Brown went on to repeat the epithets in front of Rodriguez. (*Id.* ¶ 26.) Rodriguez and Brown's direct supervisor assured the plaintiff that they would create incident reports and send them to the plaintiff. (*Id.* ¶ 27.) Rodriguez also told the plaintiff that he would be taking the plaintiff's and his wife's statements regarding the incident. (*Id.* ¶ 30.)

The plaintiff was not given access to the parking lot, so his wife walked across the parking lot to retrieve her car. (*Id.* ¶¶ 28–29.) At the time the plaintiff filed this action, he had not received any reports concerning the incident nor did anyone from the USTA take his or his wife's statement. (*Id.* ¶¶ 31–32.)

## DISCUSSION

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

This means that it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While it does not require "detailed factual allegations," this standard requires more than "a formulaic recitation of the elements of a cause of action" and more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In deciding a Rule 12(b)(6) motion to dismiss, the Court "must accept as true all of the allegations contained in the complaint;" however, this tenet does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678 (internal citations omitted).

At the motion to dismiss stage, the court "is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference." *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011) (quoting *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002)). The court may consider materials not referenced or incorporated in the complaint that "plaintiff[] had either in [his] possession or had knowledge of," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002), and are "integral to the complaint," meaning that the plaintiff "relies heavily" on them when drafting the complaint. *Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 156 (2d Cir. 2006). Both parties have submitted extraneous materials in connection with their briefing, none of which I consider in deciding this motion.

The defendants ask that I consider an attorney affidavit, which is based on the attorney's "review of [USTA] records" and purports to describe the rights conferred by the plaintiff's ticket to the U.S. Open. (ECF No. 16-2.) The defendants argue that the "US Open ticket is integral to the Amended Complaint" and "the complaint relies heavily upon its terms and effect." (ECF No.

3

16-1 at 3 n.2) (citation omitted). I agree that the plaintiff's U.S. Open ticket is integral to the complaint, but it is not the ticket that the defendants ask me to consider. Rather, they submit a lawyer's affidavit concerning his review of USTA records about which the plaintiff would not have known, and upon which he did not rely, when drafting the complaint. *See Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000) (When deciding a motion to dismiss, "a district court errs when it consider[s] affidavits and exhibits submitted by defendants.") (internal quotation marks and citation omitted). Accordingly, I do not consider the affidavit.

Nor do I consider the plaintiff's rebuttal attorney affidavit (ECF No. 18 at 12–13) or the various materials regarding prior allegations of racial discrimination at the USTA (ECF No. 18-1). The plaintiff does not claim that he relied these materials when he drafted the complaint, and offers no reason why I should consider them. As such, neither the affidavit nor the exhibit will be considered.

## I. 42 U.S.C. § 1981 Claim

Section 1981 safeguards an individual's right to "make and enforce contracts" from racial discrimination. 42 U.S.C. § 1981. To fall within its scope of protection, a plaintiff must show that the defendant impeded one of his contractual rights, which include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C § 1981(b); *see Clark v. City of New York*, No. 13-CV-210, 2014 WL 4804237, at *2 (E.D.N.Y. Sept. 25, 2014). "Section 1981 offers relief . . . when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).

4

To maintain a § 1981 claim, a plaintiff must allege "that '(1) [he] is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute,'" including the making and enforcing of contracts. *Ludwig's Drug Store, Inc. v. Forest City Enterprises, Inc.*, No. 13-CV-6045, 2016 WL 915102, at *12 (E.D.N.Y. Mar. 4, 2016) (quoting *Bentley, Jr. v. Mobil Gas Station*, 599 F. App'x 395, 396 (2d Cir. 2015)).

The defendants do not dispute that the plaintiff is a member of a racial minority or that the complaint alleges racial discrimination.[1] They contend that the defendants did not interfere with the plaintiff's contractual rights, because the plaintiff was not denied any contractual rights. I agree that the plaintiff's allegations are not sufficient to sustain a § 1981 claim.

The plaintiff alleges that he was denied a contractual benefit as a U.S. Open ticketholder because he "was never provided access to the parking lot" where his wife's car was parked.[2] (ECF No. 14 ¶ 28.) The plaintiff has not established that his U.S. Open ticket included parking. *See McDonald*, 546 U.S. at 476 (The plaintiff must establish that racial discrimination impaired "rights under the existing or proposed contractual relationship."). According to the complaint, while both the plaintiff and his wife had U.S. Open tickets (ECF No. 14 ¶¶ 8–9), only the plaintiff's "wife had a credential permitting her to enter the parking lot" (*id.* ¶ 11). Thus, it was his wife's separate credential that granted her access to the parking lot. The ticket itself conferred no such access for the plaintiff. The defendants cannot be held liable where the

---

[1] The defendants "strongly deny" that any racially offensive remarks were made, but for the purposes of this motion "proceed 'on the assumption that all the allegations in the complaint are true.'" (ECF No. 16-1 at 9 n.6) (quoting *Twombly*, 550 U.S. at 555).

[2] The plaintiff, in his opposition, argues that he was "stopped on . . . a public thoroughfare" outside the parking lot, and that he had a right to use the "thoroughfare" "without fear of discrimination." (ECF No. 18 at 3.) He did not make this factual allegation in the complaint, so I do not consider it. *See O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.").

plaintiff has not pled that the alleged deprived benefit flowed from his ticket. *See Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp. 2d 385, 393 (S.D.N.Y. 2006), *aff'd sub nom. Bishop v. Toys R Us*, 385 F. App'x 38 (2d Cir. 2010) (A "claim for interference with the right to make and enforce a contract must allege the actual loss of a contract interest . . . .") (citation omitted).

The plaintiff also claims that the defendants deprived him of a benefit by preventing him from "returning to the U.S. Open tennis matches for which he had a ticket." (ECF No. 14 ¶ 39; *see id.* ¶¶ 40–41.) The plaintiff, however, concedes that he attended the tournament during the day (*Id.* ¶ 13); he does not plead that the defendants prevented him from watching additional matches or even that the matches were ongoing at the time of his confrontation with the parking lot attendant. This is fatal to his claim. *See Bishop*, 414 F. Supp. 2d at 393 (Section 1981 claim dismissed where the plaintiff failed to "allege that he attempted to [return to a store to return a purchased item] and his attempt was somehow thwarted."). To the extent that the plaintiff claims that he would have returned to the tournament had the parking lot incident never occurred, this too is insufficient to sustain a § 1981 claim. *See Garrett v. Tandy Corp.*, 295 F.3d 94, 102 (1st Cir. 2002) (A conclusory assertion that the plaintiff would have gone back to a store to return an item "had he believed the environment to be more welcoming is simply too ephemeral a hook from which to hang a cause of action under 42 U.S.C. § 1981.").

In short, the plaintiff has not alleged a viable § 1981 claim. *See Burbar v. Inc. Vill. of Garden City*, 961 F. Supp. 2d 462, 471 (E.D.N.Y. 2013) (Section 1981 "was not meant to provide an omnibus remedy for all racial injustice.") (internal quotation marks and citation omitted). Accordingly, the plaintiff's § 1981 claim is dismissed.[3]

---

[3] The defendants also argue that Rodriguez must be dismissed as an individual defendant because the plaintiff does not allege that Rodriguez was a party to the plaintiff's contract, the U.S. Open ticket. (ECF No. 16-1 at 10 n.8); *but see Hicks v. IBM*, 44 F. Supp. 2d 593, 598–99 (S.D.N.Y. 1999) ("[I]ndividual supervisors could be held liable under § 1981 if they were personally involved in the discriminatory activity;" personal involvement is pled where "a

## II. Remaining State Law Claims

"Where a court dismisses all claims over which it has original jurisdiction, it may, in its discretion, decline to exercise supplemental jurisdiction over remaining claims." *Wolfinger v. Consolidated Edison Co. of New York, Inc.*, No. 17-CV-1710, 2018 WL 3637964, at *12 (E.D.N.Y. July 31, 2018) (citing 42 U.S.C. § 1367(c)(3)). In deciding whether to exercise supplemental jurisdiction, district courts should balance the values of judicial economy, convenience, fairness, and comity. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 343 (1988). Here, as a matter of comity, the remaining state law claims would be better suited for state court. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Moreover, the remaining claims do not concern any federal policy that would require exercising supplemental jurisdiction. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 123 (2d Cir. 2006) ("[F]ederal policy concerns may argue in favor of exercising supplemental jurisdiction even after all original-jurisdiction claims have been dismissed.").

Because the only federal claim has been dismissed, I decline to exercise supplemental jurisdiction over remaining state claims. *Klein & Co. Futures. Inc. v. Bd, of Trade*, 464 F.3d 255, 262 (2d Cir. 2006) ("[W]here, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

---

supervisor had knowledge of alleged acts of discrimination and failed to remedy or prevent them."). Because the plaintiff's § 1981 claim is dismissed on other grounds, I do not reach this argument.

7

## CONCLUSION

For the reasons above, I dismiss the plaintiff's §1981 claim without prejudice,[4] and decline to exercise jurisdiction over the plaintiff's remaining state law claims. The Court grants the plaintiff leave to file an amended complaint within 30 days from the entry of this Order. If the plaintiff does not file an amended complaint, this case will be closed.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
August 16, 2018

---

[4] Although the defendants have moved to dismiss the plaintiff's claims with prejudice (ECF No. 16-1 at 15-16; ECF No. 19 at 9–10), in light of the facts raised in the plaintiff's opposition (ECF No. 18), the plaintiff may amend his complaint to address and cure the deficiencies discussed above. *See Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 500 (S.D.N.Y. 2015) (Court considered allegations raised only in the plaintiff's opposition brief in determining whether to grant leave to file an amended complaint); *see also Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (holding that the plaintiff should be given the "opportunity to amend his complaint in light of the policy to liberally construe civil rights complaints"). If the plaintiff files an amended complaint, the defendants may move to dismiss the amended complaint.